## NORRELL *v.* NORRELL.

FISH, C. J. While the husband and wife were living in a bona fide state of separation, she instituted proceedings against him for temporary and permanent alimony for herself and their minor child. Pending the proceedings she executed and delivered to him a receipt which, after a statement of the case she had brought against him and the court in which it was pending, was as follows: "Received of [her husband a described check and several promissory notes, all. aggregating a given amount], the same being in full settlement and complete discharge of all claims against [her husband] for temporary or permanent alimony of any kind, character, or description, and particularly in discharge of the suit now pending in [a named superior court and assigned for trial on a stated date], in which [the wife] appears as petitioner; the intention of this receipt being to release [her husband] from claims of any kind, character, or description for temporary or permanent alimony, support, or any other obligation, legal or moral, due by [her husband] to [the wife]." *Held*, that, inasmuch as the settlement between the husband and wife, evidenced by the receipt, made no provision for the

support of their minor child dependent upon her father, such settlement did not operate as a bar to an action afterwards brought against the husband by the wife for temporary alimony or support for the child alone, pending a suit for divorce instituted by the husband against the wife subsequently to such settlement. See Civil Code, § 2980; *Johnson* v. *Johnson*, 131 *Ga.* 606 (3), 608 (62 S. E. 1044).

The judge did not err in granting temporary alimony or support to the minor child and awarding her custody to her mother, nor in requiring the husband to pay attorneys' fees.

> *Judgment affirmed. All the Justices concur.*
> APRIL 10, 1912.

Alimony, etc. Before Judge Hammond. Richmond superior court. October 7, 1911.

Cited by counsel: Civil Code, §§ 2975, 2980, 2984, 4330, 4336, 5820, 5943; *Ga. R.* 136/531; 121/1; 115/950; 114/772; 47/332; 33 *Supp.* 99; 8/341; 14 Cyc. 754, 755.

*Henry S. Jones,* for plaintiff in error.

*Pierce Brothers* and *E. G. Kalbfleisch,* contra.